CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
May 12, 2025
LAURA A. AUSTIN, CLERK
BY: s/ S. Neily, Deputy Clerk

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

| | |
|---|---|
| GREEN DEVELOPMENT, LLC, *et al.*, | |
| *Plaintiffs*, | |
| v. | Case No. 7:24-cv-00728-EKD-CKM |
| TMEIC CORPORATION, *et al.*, | |
| *Defendants*. | |

### STIPULATED PROTECTIVE ORDER

IT IS HEREBY STIPULATED AND AGREED by the undersigned parties, and ORDERED by the Court, that:

1. This Stipulated Protective Order governs the use of all documents (including, but not limited to, transcripts of depositions) that the undersigned parties obtain during the course of the above-captioned action, whether the documents are obtained from one of the undersigned parties or from a third party. The provisions set forth herein apply to all parties in the litigation, whether presently existing or added in the future. The Stipulated Protective Order does not restrict any party's use of material that was not obtained in discovery, or that is or becomes publicly available. All such discovery material shall be used only for purposes of this litigation (including alternative dispute resolution procedures and appeals, if any). This order shall also apply to any information informally exchanged between the parties other than through formal discovery.

2. At any time, any party may designate all or any part of such discovery material as confidential, to be treated in accordance with the provisions of this Stipulated Protective Order. Such designation shall be in writing either in a letter identifying the discovery material being

1

designated, or by a stamp or other appropriate mark ("CONFIDENTIAL") on the discovery material. Confidential information in a deposition may also be so designated by identifying such information on the record during the deposition or by written notice, sent by counsel to all parties within 30 business days of receipt of the deposition or testimony transcript, specifying the portion(s) of the deposition or testimony transcript that the party is designating "Confidential." All deposition transcripts shall be treated as confidential until the 30-day period for making confidential designations expires. A designation of "Confidential" will mean that the party believes in good faith that the document contains confidential material that is unavailable to the public.

3. Counsel of record for the parties shall have the right to disclose confidential material pursuant to this agreement only to the following persons to the extent that their knowledge of such confidential material is necessary for the prosecution, defense, or settlement of this matter:

(a) Parties;

(b) Counsel of record for the parties of record in this matter and the partners, associates, and employees of such counsel to the extent reasonably necessary to render professional services in this litigation;

(c) Court personnel (including court reporters), including by way of briefs or other papers filed with the Court confidentially;

(d) Commercial photocopying/print firms engaged to provide copying or printing services in connection with the prosecution, defense, or settlement of this matter;

(e) Experts, consultants (including independent experts), and investigators, including the employees of such experts, consultants, or investigators, who are

employed, retained, or otherwise consulted by counsel or a party for the purpose of analyzing data, conducting studies, or providing opinions to assist, in any way, in this matter. Access to confidential material shall be limited to what is reasonably required in the role of expert, consultant, and investigator. Such persons must agree in writing to be bound by the terms of this Stipulated Protective Order;

(f) Litigation support firms retained by counsel or a party in order to assist in the prosecution or defense in this matter. Access to confidential material shall be limited to that which the litigation support firms reasonably require in their roles as litigation support firms. Such persons must agree in writing to be bound by the terms of this Stipulated Protective Order;

(g) Any deponent in this case who is identified as an author or recipient of the material designated "Confidential" on the fact of the material. Such persons must agree in writing to be bound by the terms of this Stipulated Protective Order; and

(h) Other persons authorized by the Court upon a showing of good cause.

4. Each party may further designate confidential discovery material produced by them as "Attorneys' Eyes Only" upon a good faith belief that the disclosure of such information to persons other than counsel of record or experts and consultants would be so materially harmful to their client as to cause a court to order that the information not be disseminated beyond counsel of record and their experts and consultants, or upon a good faith belief that the disclosure of such information to the opposing party would reveal proprietary or competitive information about a third party. Such designation shall be in writing either in a letter identifying the discovery material(s) being designated, or by a stamped or other appropriate mark ("ATTORNEYS' EYES ONLY") on the discovery material. "Attorneys' Eyes Only" information in a deposition may also

be so designated by identifying such information on the record during the deposition or by written notice, sent by counsel to all Parties within ten business days of receipt of the deposition or testimony transcript, specifying the portion(s) of the deposition or testimony transcript that the party is designating "Attorneys' Eyes Only." A party wishing to file such documents with the Court in support of a motion or otherwise shall either obtain the consent of the producing party or shall file the documents under seal.

  5. Counsel of record for the parties shall have the right to disclose material designated "Attorneys' Eyes Only" pursuant to this agreement only to the following persons to the extent that their knowledge of such designated material is necessary for the prosecution, defense, or settlement of this matter:

  (a) Counsel of record for the parties of record in this matter and the partners, associates, and employees of such counsel to the extent reasonably necessary to render professional services in the litigation;

  (b) Court personnel (including court reporters), including by way of briefs of other papers filed with thew Court under seal; and

  (c) Experts, consultants (including independent experts), and investigators, including the employees of such experts, consultants, or investigators, who are employed, retained, or otherwise consulted by counsel or a party for the purpose of analyzing data, conducting studies, or providing opinions to assist, in any way, in this matter. Access to material designated "Attorneys' Eyes Only" shall be limited to what is reasonably required in the role of expert, consultant, and investigator. Such persons must agree in writing to be bound by the terms of this Stipulated Protective Order.

6. Material designated as "Confidential" or "Attorneys' Eyes Only" by another party shall not be shown or disclosed to persons described in Paragraphs 3(a), 3(e), 3(f), 3(g), 5(a), and 5(c) until that person has reviewed this Order and executed an affidavit in the form attached hereto as <u>Exhibit A</u>, unless the information is shown to a witness during a proceeding before the Court, including trial or shown to a witness in a deposition.

7. Any party who wishes to file with the Court any pleading, brief, memorandum, motion, letter, affidavit, or other document that constitutes, discloses, characterizes, or otherwise communicates material designated "Confidential" or "Attorneys' Eyes Only" shall file the material confidentially with the Court and in accordance with Local Rule 9.

8. Any party who wishes to offer evidence at trial or any hearing in this action that constitutes, discloses, characterizes, or otherwise communicates material designated "Confidential" or "Attorneys' Eyes Only" shall move the Court to permit the testimony to be presented *in camera* or in a closed courtroom until such time as the Court orders otherwise. The court reporter shall separately transcribe and bind those portions of the testimony so designated and shall mark the face of the separately-bound transcript containing such Confidential or Attorneys' Eyes Only testimony with the words "Confidential Pursuant to the Court Order." The portion of the transcript so marked, if filed with the Clerk of the Court, shall be filed under seal.

9. Promptly upon conclusion of this litigation and any appeals therefrom, copies of all confidential material supplied by any party shall be returned to the producing party or destroyed. However, counsel may retain copies of briefs and other papers filed with the Court, and one set of exhibits marked at depositions, trials, or hearings, which contain or constitute confidential material. The parties, through counsel, shall confirm that all confidential material that has not been returned to the producing party has been destroyed.

10. Pursuant to Rule 502(d) of the Federal Rules of Evidence, a party may obtain the return of any material that it claims to be subject to a privilege or protection ("Protected Material"), including, without limitation, the attorney-client privilege and the work product protection. With respect to such produced material, the following procedures shall apply, and the parties agree that such procedures constitute reasonable and prompt steps to prevent disclosure and to rectify the error of disclosure, pursuant to the Federal Rules of Civil Procedure:

(a) The party discovering the production of Protected Material will contact the producing party to apprise that party of such production within 21 days of such discovery.

(b) When the disclosure of any Protected Material is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure.

(c) If no dispute exists as to the protected nature of the produced material, any party in possession of the material at issue shall destroy or return the material to the producing party, along with any notes or other work product reflecting the contents of such material. The party that received the material shall provide written notice to the producing party that it has complied with this section and destroyed or returned the material.

(d) If the party in possession of the produced material believes that the material is not subject to any privilege or protection, the parties shall confer in good faith in an effort to resolve the dispute. If the parties cannot resolve the dispute, the party in

6

possession who is challenging the designation of the Protected Material shall present the dispute to the Court.

(e) Pursuant to Rules 502(d) and 502(e) of the Federal Rules of Evidence, the production of any discovery material by any party shall be without prejudice to any subsequent claim by the producing party that such discovery material is privileged or protected, and shall not be deemed a waiver of any privilege or protection in either the litigation pending before this Court or any other federal or state proceeding.

11. A third party who is asked to produce material during the course of the above-captioned action may produce said material according to the provisions set forth herein.

12. The restrictions provided in this Stipulated Protective Order shall apply solely to this litigation. These restrictions shall not terminate with this litigation but shall continue until further order of the Court; provided, however, that this Stipulated Protective Order shall not be construed (a) to prevent any party or its respective counsel, or any person receiving material designated "Confidential" or "Attorneys' Eyes Only" pursuant to this Stipulated Protective Order, from making use of information that was previously and lawfully in the possession of such party; or (b) to apply to information that is or otherwise was public knowledge at the time of or prior to disclosure in this litigation, or that, after such disclosure, becomes public knowledge other than by violation of this Stipulated Protective Order.

13. Any party to this Stipulated Protective Order may agree in writing or on the record during any deposition or testimony to waive this Stipulated Protective Order with respect to any materials it has designated "Confidential." No waiver pursuant to this Paragraph shall constitute, or have the effect of, a waiver of the confidentiality or privilege of any material other than specifically identified therein.

14. This Stipulated Protective Order shall not prejudice the right of any party to this Stipulated Protective Order to seek relief from the Court at any time from any of the provisions hereof, or to bring before the Court at any time the question of whether or not any particular information is in fact confidential or proprietary, or admissible or relevant to the subject matter of this litigation, or whether or not its use should be restricted in any way, or to present a motion to the Court for entry of a separate order as to any information differing from that specified herein. The burden of proof in any such motion shall be on the producing party to justify the appropriateness of the designation of "Confidential" or "Attorneys' Eyes Only." Material designated "Confidential" or "Attorneys' Eyes Only" shall maintain that designation for all purposes unless and until the Court rules to the contrary and for ten business days thereafter.

15. This Stipulated Protective Order shall not prejudice the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Order.

16. Violation by any person of any provision of this Order may be punishable as contempt of the Court, or as the Court otherwise orders. Further, a party may pursue any and all civil remedies available to it for breach of the terms of this Order.

ENTERED: May 12, 2025

C. Kailani Memmer
United States Magistrate Judge

WE ASK FOR THIS:

| | |
|---|---|
| GREEN DEVELOPMENT, LLC, GDIM 1, LLC, GDIM 2, LLC, GDIM 3, LLC, and GDIM 4, LLC, | TMEIC CORPORATION AMERICAS f/k/a TMEIC CORPORATION |
| By their Attorneys, | By its Attorneys, |
| /s/ Joshua C. Johnson, Esq.<br>Joshua C. Johnson, Esq. (VSB No. 71113)<br>Christopher Jánszky, Esq. (VSB No. 99069)<br>MICHIEHAMLETT, PLLC<br>109 Norfolk Avenue, SW, 2nd Floor<br>Roanoke, VA 24011<br>Tel: (540) 491-0636<br>Fax: (434) 951-7273<br>jjohnson@michiehamlett.com<br>cjanszky@michiehamlett.com | /s/ Ian R. Dickinson<br>Ian R. Dickinson (VSB No. 92736)<br>Womble Bond Dickinson (US) LLP<br>201 E. Main Street, Suite P<br>Charlottesville, VA 22902<br>Telephone: (202) 857-4463<br>Email: Ian.Dickinson@wbd-us.com |
| /s/ Michael A. D'Ippolito III<br>William M. Dolan III, *Pro Hac Vice*<br>Michael A. D'Ippolito III, *Pro Hac Vice*<br>Colten H. Erickson, *Pro Hac Vice*<br>ADLER POLLOCK & SHEEHAN P.C.<br>100 Westminster Street, 16th Floor<br>Providence, RI 02903<br>Tel: (401) 274-7200<br>Fax: (401) 751-0604<br>wdolan@apslaw.com<br>mdippolito@apslaw.com<br>cerickson@apslaw.com | AMERICAN WIRE GROUP, LLC f/k/a AMERICAN WIRE GROUP, INC.<br><br>By its Attorneys,<br><br>/s/ Edward B. Keidan, Esq.<br>Daniel A. Dorfman, Esq. (*pro hac vice*)<br>Edward B. Keidan, Esq. (*pro hac vice*)<br>Fox Swibel Levin & Carroll LLP<br>200 West Madison Street, Suite 3000<br>Chicago, Illinois 60606<br>ddorfman@foxswibel.com<br>ekeidan@foxswibel.com<br><br>W. Alexander Burnett<br>Micah B. Schwartz<br>**Williams Mullen**<br>200 South 10th Street, Suite 1600<br>P.O. Box 1320<br>Richmond, Virginia 23219<br>aburnett@williamsmullen.com<br>mschwartz@williamsmullen.com |